**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4395**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LINALDO MARTINEZ HERNANDEZ, a/k/a Linaldo Martinez,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:19-cr-00022-REP-1)

Submitted:  January 21, 2020                          Decided:  January 23, 2020

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Alexandria, Virginia, Laura Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Stephen David Schiller, Assistant United States Attorney, Heather Hart Mansfield, Richmond, Virginia, Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linaldo Martinez Hernandez pled guilty, without a plea agreement, to illegal reentry after deportation or removal, in violation of 8 U.S.C. § 1326(a) (2018). The district court sentenced Hernandez to six months' imprisonment and one year of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the reasonableness of Hernandez's sentence. Although advised of his right to do so, Hernandez has not filed a pro se supplemental brief. We affirm.

We review Hernandez's sentence for abuse of discretion. *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we then must also consider the substantive reasonableness of Hernandez's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). *See also United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (noting that "we are required to analyze procedural reasonableness before turning to substantive reasonableness"). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a)

sentencing goals. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the court correctly calculated Hernandez's advisory Guidelines range, heard argument from counsel, provided Hernandez an opportunity to allocute, and considered the § 3553(a) sentencing factors. Because Hernandez has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *Louthian*, 756 F.3d at 306. We conclude that Hernandez's sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Hernandez, in writing, of the right to petition the Supreme Court of the United States for further review. If Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3